<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MEADOWS KNITTING COMPANY, | : |
| Plaintiff, | : CIVIL NO. 05-5711 (SRC) |
| v. | : Hon. Stanley R. Chesler, U.S.D.J. |
| AFFILIATED FM INSURANCE COMPANY, | : **OPINION** |
| Defendants. | : |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the motion for summary judgment (docket entry # 19) by Defendant, Affiliated FM Insurance Company ("Affiliated"). Plaintiff Meadows Knitting Company ("Meadows Knitting") has not filed opposition to the motion. The Court has considered the papers submitted by the defendant, and for the reasons set forth below, **GRANTS** defendant's motion for summary judgment.

1

II.     **FACTUAL BACKGROUND**[1]

This case concerns several claims made plaintiff Meadows Knitting to its property insurance carrier, defendant Affiliated, for two unrelated sets of losses: (1) damage to a large apparatus called a "color kitchen" and (2) damage to a device known as a "wet precipitator." The pertinent facts underlying the three color kitchen claims and one precipitator claim at issue will be discussed separately below.

A.     **The Color Kitchen Claim**s

The color kitchen claims involve a large paint mixing apparatus, or "color kitchen," purchased by Meadows Knitting from Vanwyk Textile Systems on or about January 13, 1995 as part of the purchase of all assets of the corporation. (Declaration of Kim Swantic "Swantic Decl.") ¶ 5.) Due to the size of the color kitchen, Meadows Knitting arranged to have the apparatus disassembled and loaded onto trucks by American Machine Company before shipment from North Carolina to New Jersey. (Id. ¶¶ 5-6.) Bestway Express, Inc. transported the apparatus in four separate shipments made in October 1998.

Parts of the color kitchen were damaged in transit in the shipments of October 6, 1998, October 8, 1998 and October 17, 1998. (Id. ¶ 7.) Meadows Knitting submitted claims to

---

[1]The Court relies on defendant's Statement of Undisputed Material Facts and on the Declaration of Kim Swantic and the Declaration of Robert J. McGuire for the facts material to this motion. Although plaintiff has not opposed this motion for summary judgment, it did previously submit a certification, in compliance with the Court's May 8, 2006 Order directing plaintiff to "submit any and all certifications on which it will rely in connection with the motion to dismiss based upon the statute of limitations." That certification, entitled "Certified Statement of Albert Safer In Lieu of Affidavit," is attached to the McGuire Declaration as Exhibit 5. The Court notes that it has also considered the Certified Statement of Albert Safer, in its adjudication of this motion. All facts have been construed in the light most favorable to plaintiff, the non-moving party.

Affiliated under policy number KD479 for these three losses, which were assigned the claim numbers N3130, N3134 and N3145, respectively. (Id. ¶¶ 2, 4, 7.) By letter dated May 8, 2001, Affiliated advised Meadows Knitting that the color kitchen claims were fully and finally denied, for a number of stated reasons the Court need not repeat because they are not germaine to its analysis of this motion. (Swantic Decl. Ex. 3.)

  **B.**  **The Precipitator Claim**

The precipitator claim involves a piece of equipment called a "wet precipitator" that sustained damage in a fire that occurred at Meadows Knitting's Newark, New Jersey facility on March 29, 1999. (Swantic Decl. ¶ 12.) Meadows Knitting submitted a claim for this loss under Affiliated policy number KF096, and the claim was assigned number N3216. (Id. ¶¶ 2, 12.) Though the claim submitted sought to recover $179,000 as a result of damage from the fire, Affiliated's measurement of the loss came to slightly less than $181,000, which resulted in a net claim of approximately $156,000 after application of the policy's $25,000 deductible. (Id. ¶ 13.) In September 2000, Affiliated tendered to Meadows Knitting a check for $5,830 as a proposed full and final payment for the loss. (Id. ¶ 15.) Meadows Knitting refused to accept the $5,830 as a full and final payment, claiming that additional damage to the precipitator had occurred. (Id. ¶ 16.) Affiliated, without revising its determination regarding the value of the precipitator loss, advised Meadows Knitting that it could retain the $5,830 without prejudice to its right to assert that it was due additional monies under the policy. (Id. ¶¶ 17-18.)

  **C.**  **The Governing Insurance Policies**

Both Affiliated policies at issue – policy number KD479 (the insurance policy under which the color kitchen claims were made) and policy number KF096 (the insurance policy

3

under which the precipitator claim was made) contain a provision imposing a one-year limitation period on suits brought on the policy for the recovery of any claim. In relevant part, the provision states that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity, unless all requirements of this policy shall have been complied with, **and unless commenced within twelve months next after inception of the loss.**" (Swantic Decl. Ex. 2 at 2 and Ex. 3 at 2 (emphasis added).)

Meadows Knitting admits that it did not file this lawsuit within one year of the inception of the losses associated with the color kitchen claims and the precipitator claim. (Declaration of Robert J. McGuire ("McGuire Decl.") Ex.1 ¶¶ 5, 7 and Ex. 2 ¶¶ 5, 7.) Meadows Knitting also admits that it did not file suit within one year of the denial of the color kitchen claims and the final disposition of the precipitator claim. (Id. Ex. 1 ¶¶ 6, 9 and Ex. 2 ¶¶ 6, 9.)

* * *

Meadows Knitting filed the Complaint in this matter on June 10, 2005, in the Superior Court of New Jersey. Defendant Affiliated removed the action to this Court. On June 30, 2006, Affiliated filed the instant motion for summary judgment arguing that all claims in the Complaint are time-barred under the applicable insurance policies. Meadows Knitting has not opposed the motion.

II. **DISCUSSION**

A. **Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the

4

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986); Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. See Boyle v. Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita, 475 U.S. at 586; see also Anderson, 477 U.S. at 247-48. The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold"), cert. denied, 507 U.S. 912 (1993)).

### B. Breach of Contract Claim

It is undisputed that both insurance policies at issue contain an identical twelve-month limitation period provision, which requires that any action or suit brought on the policy to

recover for a claim must filed within the twelve-month period following the inception of the loss underlying the claim. That provision bars plaintiff's claim for breach of contract as untimely.

Contractual limitations provisions prescribe a defined period within which suits must be brought upon claims or rights must be enforced. Housing Auth. Of Union City v. Commonwealth Trust Co., 25 N.J. 330, 335 (1957). As the court in Union City noted, the "primary purpose [of the limitation period] is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend." Id. The parties to the insurance contract are free to unambiguously shorten the statutory limitations period for actions brought for recovery under the policy. James v. Fed. Ins. Co., 5 N.J. 21 (1950); Weinroth v. N.J. Mfrs. Ass'n Fire Ins, Co., 117 N.J. 436 (1937).

The material facts regarding the application of the limitation provision to bar Meadows Knitting's breach of contract claim are undisputed. The limitation period requires that suits or actions on the policy for the recovery of any claim be commenced within twelve months of the inception of the loss. The loss on the color kitchen claims occurred on October 6, 8 and 17, 1998, and those claims were denied on May 8, 2001. The loss on the precipitator claim occurred on March 29, 1999, and Affiliated provided notice to Meadows Knitting in September 2000 that it considered the claim fully paid. Plaintiff filed this lawsuit on July 10, 2005, years after the contractual limitation period had expired with regard to all of the insurance claims at issue.

Indeed, plaintiff acknowledges that it did not file this suit in a timely manner but asks the Court, without basis, to excuse the late filing. (See Certified Statement of Albert Safer In Lieu of Affidavit: attached to McGuire Decl. as Ex. 5.) In particular, Meadows Knitting contends that the retirement of its chief financial officer in March 2001 coupled with the cessation of

representation by its legal counsel resulted in the company's inaction regarding the color kitchen and precipitator claims.  (Id. ¶¶ 12-14.)  The chief executive officer of Meadows Knitting states that he became aware of the inaction in May 2005.  (Id. ¶ 17.)

These contentions do not support tolling of the limitation period or otherwise justify the untimely institution of this action.  Contractual limitation periods may be tolled during the investigation of a claim by an insurer, but the limitation period begins to run again once the investigation is complete and the insurer has apprised the insured of its full and final determination of the claim.  Peloso v. Hartford Ins. Co., 56 N.J 514 (1970).  It is undisputed that plaintiff failed to bring suit within twelve months of Affiliated's full and final determination of both the color kitchen claims and the precipitator claims.

Moreover, Price v. New Jersey Mfrs. Ins. Co., 182 N.J. 519 (2005), cited by plaintiff in its Complaint, is also unavailing.  In Price, the Court rejected the defendant insurer's statute of limitations defense.  The Court observed that the insurer had lulled the insured into believing his claim was properly filed, that the insurer had failed to comply with its good faith obligation to notify the insured that it disagreed with his understanding that the insurer was acting upon the filed claim and that the insured had reasonably relied on the insurer's conduct in failing to file a complaint within the statute of limitations period.  Price, 182 N.J. at 527.  The Court held that the insurer's conduct required an equitable tolling of the statute of limitations.  Id. at 525.

In this case, no evidence of any such conduct by Affiliated has been presented to the Court.  In fact, the evidence demonstrates that Affiliated clearly advised Meadows Knitting of its final determination with respect to the color kitchen claims and the precipitator claims and that Meadows Knitting concedes that the failure to file suit in a timely fashion was due to factors

unrelated to Affiliated's conduct. Simply put, plaintiff failed to bring its breach of contract action, based on Affiliated's denial of its color kitchen claims and precipitator claims, within the time period in which the insurance policies required any and all actions on the policy be filed.

Accordingly, the breach of contract claim is barred as untimely, and Affiliated is entitled to summary judgment on this claim.

> C.   **Tort Action for Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiff's Complaint also alleges that Affiliated breached its duty of good faith and fair dealing by denying the color kitchen claims and precipitator claims. (This cause of action appears to be pled in both the First and Second Counts of the Complaint.) Plaintiff's claim for breach of the covenant of good faith and fair dealing must also be dismissed as barred by the applicable policies' limitation provision.

Whether labeled an action for breach of the covenant of good faith and fair dealing or bad faith denial of a claim made on an insurance policy, plaintiff's action is one on the subject policies and therefore subject to the limitation period prescribed by those policies. In holding this claim barred by the policies' limitation provision, this Court follows the reasoning of various opinions by the courts of the State of California, which are persuasive and on point. The California Court of Appeals has held that where a cause of action for bad faith denial of a claim constitutes "a transparent attempt to recover on the policy," the action is subject to the underlying policy's contractual limitation provision. Abari v. State Farm Fire & Cas. Co., 252 Cal. Rptr. 565, 568 (Cal. Ct. App. 1988). Stated another way, a bad faith action or claim for breach of the covenant of good faith and fair dealing predicated upon the denial of an insurance claim is "an action on the policy," and therefore the policy's limitation provision applies. Velasquez v. Truck

Ins. Exch., 5 Cal. Rptr. 2d 1, 5-6 (Cal Ct. App. 1991); Abari, 252 Cal. Rptr. At 568; Lawrence v. Western Mut. Ins. Co., 251 Cal. Rptr. 319, 324-25 (Cal. Ct. App. 1988); see also CBS Broadcasting Inc. v. Fireman's Fund Ins. Policy, 83 Cal. Rptr. 2d 197, 203 (Cal. Ct. App. 1999); Prieto v. State Farm Fire & Cas. Co., 275 Cal. Rptr. 362, 225 Cal. App. 3d 1188, 1195 (Cal. Ct. App. 1990); Sullivan v. Allstate Ins. Co., 964 F.Supp. 1407, 1415 (C.D. Cal. 1997).

In this case, plaintiff's allegations of bad faith by Affiliated relate solely to Affiliated's denial of the claim. Plaintiff alleges that "defendant failed to negotiate in good faith, breached the implied covenant of good faith and fair dealing, placed unconscionable conditions on Plaintiff to thwart its just claims and otherwise failed to honor its contract with Plaintiff." (Complaint ¶ 27.) These allegations of bad faith are inextricably bound with the breach of contract claim asserting wrongful denial of coverage by Affiliated. Plaintiff's claim for breach of the covenant of good faith and fair dealing is thus an action on the subject insurance policies and, like the breach of contract claim, barred by the twelve-month limitation provision contained in each of those policies.

Accordingly, Affiliated is entitled to summary judgment on plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

## **CONCLUSION**

      For the foregoing reasons, the Court grants Defendant Affiliated FM Insurance Company's motion for summary judgment.  An appropriate form of order will be filed together with this Opinion.

                                                              s/ Stanley R. Chesler
                                                             STANLEY R. CHESLER
                                                             United States District Judge

DATED:      September 8, 2006